UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| TIMOTHY T. BYERS, JR. )<br>)<br>   Petitioner )<br>)<br>V. )<br>)<br>UNITED STATES JUSTICE DEPT. and )<br>FEDERAL BUREAU OF PRISONS )<br>)<br>   Respondents ) | Civil Action No. 08-301-GFVT<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Timothy T. Byers, Jr. ("Byers"), who is presently confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky ("USP - McCreary"), has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the $5 filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Byers is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## DISCUSSION

Byers alleges that on December 5, 2007, he was transferred from U.S.P. - Hazelton in West Virginia to U.S.P. - McCreary in Kentucky pursuant to the Bureau of Prisons' ("BOP") Program Statement ("PS") 5100.08.  Byers asserts that this transfer is contrary to PS 5100.08 because it results in a transfer farther away from his home in Baltimore, Maryland.

The Sixth Circuit analyzed a functionally-identical claim in *Caderno v. Thoms*, 2002 WL 31420100 (6th Cir. 2000).  Noting that prison placement and transfer decisions are entirely within the discretion of the BOP, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), the Sixth Circuit rejected a challenge to the BOP's refusal to transfer the petitioner to a federal facility closer to his home on both equal protection and due process grounds.  Because prisoners lack any liberty interest protected by the Due Process Clause to placement in a particular institution, *Montanye v. Haymes*, 427 U.S. 235 (1976), or to avoid a transfer to an institution less agreeable to the inmate, *Meachum v. Fano*, 427 U.S. 215, 225 (1976), Petitioner's claim must fail.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Byers's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

 **Signed By:**
*Gregory F. Van Tatenhove*
**United States District Judge**